**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**FELIX BRIZUELA,**

**Plaintiff,**

**v.** **Civil Action No. 1:22-CV-74**
**(JUDGE KLEEH)**

**MARK R. ZOGBY,**

**Defendant.**

**REPORT AND RECOMMENDATION, AFTER INITIAL SCREENING, RECOMMENDING THAT PLAINTIFF'S COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE AND MOTION TO PROCEED *IN FORMA PAUPERIS* [ECF NO. 2] BE DENIED**

On August 24, 2022, *pro se* Plaintiff Felix Brizuela ("Plaintiff") filed a Complaint against the individual, Mark R. Zogby ("Defendant") whom Plaintiff alleges served as legal counsel for an entity which took adverse action against Plaintiff's professional licensure, namely, the Pennsylvania State Board of Osteopathic Medicine ("State Board"). [ECF No. 1 at 2]. Having screened Plaintiff's Complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2), the undersigned now **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted. The undersigned further **RECOMMENDS** that Plaintiff's related motion [ECF Nos. 2] to proceed *in forma pauperis* be **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND[1]

[1] Plaintiff, *pro se*, recently has filed 15 civil lawsuits in this Court, including the instant matter. The other civil matters are: (1) Brizuela v. Federation of State Medical Boards, 1:22-CV-66, (2) Brizuela v. Sarah Wagner, 1:22-CV-67, (3) Brizuela v. Douglas Sughrue, 1:22-CV-68, (4) Brizuela v. Michael DeRiso, 1:22-CV-69, (5) Brizuela v. WVU Medical Center, 1:22-CV-70, (6) Brizuela v. Tano O'Dell [sic], 1:22-CV-75, (7) Brizuela v. Highlands Hospital and Michelle Cunningham, 1:22-CV-76, (8) Brizuela v. Blue Cross Blue Shield, 1:22-CV-79, (9) Brizuela v. CPEP, 1:22-CV-82, (10) Brizuela v. KDKA TV, 1:22-CV-83, (11) Brizuela v. West Virginia Board of Pharmacy, 1:22-CV-84, (12) Brizuela v. Drug Enforcement

Plaintiff, a resident of the Commonwealth of Pennsylvania, brings this matter against Defendant whom Plaintiff alleges acted a legal counsel for the State Board.[2] Plaintiff complains of adverse action taken against him by the State Board. Plaintiff intimates that the State Board punished him professionally, perhaps by revoking his license to practice medicine, but Plaintiff's writing is unclear and the undersigned cannot discern precisely the type of adverse action taken.

Broadly speaking, and in synthesizing allegations from the filings in Plaintiff's multiple *pro se* lawsuits pending in this Court, Plaintiff alleges that he was a physician practicing in this District. He had a specialty in neurology and pain management. In this District, Plaintiff was criminally prosecuted as reflected in Criminal Action No. 1:18-CR-1. Plaintiff was tried and convicted in Criminal Action No. 1:18-CR-1. As a result, he lost medical licenses which he held in West Virginia and Pennsylvania. Plaintiff appealed his conviction to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit reversed his conviction, and on remand, Plaintiff ultimately pled guilty to Distribution of Controlled Substances Outside the Bounds of Professional Medical Practice, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C),

---

Administration, 1:22-CV-87, (13) Brizuela v. WPXI Pittsburgh, 1:22-CV-90, and (14) Brizuela v. USP Hazelton, 1:22-CV-93. Although these cases are separate matters, they all stem from circumstances concerning Plaintiff's career as a physician, including but not limited to his criminal prosecution and eventual guilty plea in this Court in Criminal Action No. 1:18-CR-1. The presiding District Judge, Hon. Thomas S. Kleeh, has referred all of these matters to the undersigned Magistrate Judge, for written Reports and Recommendations. Concurrently with the instant Report and Recommendation, the undersigned enters Reports and Recommendations as to several of the other matters. As such, given the commonality among the matters, there is some duplication in the citations to authority and analyses in the Reports and Recommendations.

[2] The undersigned gives Plaintiff the benefit of the doubt that venue is proper in this Court, even though Plaintiff currently is a Pennsylvania resident and the claims he seeks to bring would be against a Pennsylvania entity. Under 28 U.S.C. 1391(b)(2), venue is proper in the District where "a substantial part of the events or omissions giving rise to the claim occurred. . .". For the sake of the initial screening, the undersigned assumes that Plaintiff was located in this District or otherwise had sufficient contacts with this District to have suffered alleged injury here. The undersigned further gives Plaintiff the benefit of the doubt that jurisdiction is proper in federal court, in that Plaintiff seeks to lodge federal question claims, albeit poorly articulated ones.

as charged in Count Two in Criminal Action No. 1:18-CR-1.[3] Plaintiff was sentenced to a term of imprisonment for a term of time served, followed by three years of supervised release. Plaintiff complains that, because of the felony conviction resulting from the guilty plea, he is unable to regain his medical license or otherwise find gainful employment. In the *pro se* civil cases which Plaintiff now seeks to bring here, he attempts to lodge grievances against a range of persons and entities who were involved in his criminal matters and/or other aspects of his defunct medical practice.

In the Complaint [ECF No. 1] in the instant matter, the Plaintiff alleges that the named Defendant served as legal counsel to the State Board, which is charged with osteopathic physicians' licensure, discipline, and related regulatory duties.[4] Plaintiff articulates no facts in support of legal claims against Defendant, and cites to virtually no legal authority for any such claims.

Rather, in quite broad terms, Plaintiff alleges that Defendant violated his civil rights such that Plaintiff no longer can make a living, although Plaintiff cites to no particular constitutional provision, statute, caselaw, regulation or other legal authority giving rise to a civil rights claim.[5] Plaintiff alleges certain physical and emotional maladies resulting from Defendant's alleged wrongdoing. On the civil cover sheet [ECF No. 1-2], in support of his claims, Plaintiff provides a

[3] Plaintiff also was prosecuted in another matter, Criminal Action No. 5:20-CR-22. It appears that Criminal Action 5:20-CR-22 resulted from the re-filing of charges after Criminal Action No. 1:18-CR-1 had been dismissed pursuant to a tolling agreement. The two matters ultimately were consolidated. [ECF No. 487 in Criminal Action No. 1:18-CR-1].

[4] Pennsylvania State Board of Osteopathic Medicine, https://www.dos.pa.gov/ProfessionalLicensing/BoardsCommissions/OsteopathicMedicine/Pages/default.aspx (last visited Sept. 12, 2022).

[5] In any accompanying narrative [ECF No. 1, at 3] Plaintiff briefly cites caselaw, but that appears to be in support of his complaints about how his underlying criminal matter was handled. He does not cite them in support of factual allegations or legal claims against Defendant in the instant matter.

handwritten citation to a statute which is not legible. Also on the civil cover sheet, Plaintiff demands payment in the amount of $10,000,000.00.

Plaintiff includes wide-ranging narrative [ECF No. 1, at 2-4] which appears to be correspondence addressed Defendant himself. This narrative is a diatribe about his underlying criminal prosecution in this Court, as well as about how proceedings before the State Board involving him were handled. As for the State Board proceedings, Plaintiff takes issue with Defendant's purported role in these proceedings and guiding of the State Board to take unfavorable action against Plaintiff. Plaintiff alleges that Defendant is unqualified to have served in this role for the State Board, and that so serving amounts to Defendant practicing medicine without a license. Plaintiff accuses Defendant of having a conflict of interest, although it appears that the nature of the "conflict" is that Defendant had a hand in the State Board's rendering of a decision not to Plaintiff's liking. Further, Plaintiff alleges that Defendant did not review discovery, although it is unclear what precisely he alleges Defendant did not review or had a duty to review. Plaintiff then veers into a conspiratorial narrative about federal law enforcement agencies, health insurance carriers, and other institutional actors. What the narrative does not contain, however, is any explanation of what specific cause(s) of action Plaintiff wishes to pursue or how Defendant contravened the State Board's charge or mission.

Finally, in conjunction with the Complaint, Plaintiff filed a *pro se* Motion for Leave to Proceed *in forma pauperis* including an Application to Proceed Without Prepayment of Fees and Affidavit. [ECF No. 2].

On August 24, 2022, this Court, by the Honorable Thomas S. Kleeh, Chief United States District Judge, entered an Order of Referral [ECF No. 4], referring this matter to the undersigned United States Magistrate Judge in order "to conduct a scheduling conference and issue a

scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise."

**II. LEGAL STANDARDS**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), where a plaintiff is seeking to proceed without the prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Courts often perform this screening before ruling upon the corresponding Motion for Leave to Proceed *in forma pauperis* and Application to Proceed Without Prepayment of Fees and Costs, and before service of process is effectuated. See Portee v. United States Dep't of Agric., No. 2:15-CV-13928, 2016 WL 4962727, at *2 (S.D.W. Va. July 14, 2016) (Tinsley, J.), *report and recommendation adopted*, No. 2:15-CV-13928, 2016 WL 4942023 (S.D.W. Va. Sept. 15, 2016) (Johnston, J.). The purpose of this statute is "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. See also Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (initial screenings required because § 1915 removed the "economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.") (internal citation omitted); Whitehead v. Paramount Pictures Corp., No. 1:08CV792, 2009 WL 1565639, at *4 (E.D. Va. May 28, 2009), *aff'd in part*

*sub nom.* Whitehead v. Paramount Pictures, Inc., 366 F. App'x 457 (4th Cir. 2010) (upholding dismissal). Thus, while 28 U.S.C. § 1915(e)(2)(B) speaks specifically to review as to *pro se* litigants who are prisoners, the Court may conduct such a screening regardless of whether a *pro se* litigant is a prisoner.

Relatedly, the undersigned of course is mindful of Plaintiff's *pro se* status in this context. Because Plaintiff is proceeding *pro se*, the Court must liberally construe the pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

The Complaint [ECF No. 1] and accompanying narrative provide **no** factual allegations as a basis for the Plaintiff's claims which would allow this Court to grant relief. Nor does Plaintiff set forth in the Complaint any necessary legal grounds which would entitle him to any sort of relief in this matter.

The undersigned is mindful that Rule 8(a) of the Federal Rules of Civil Procedure does not generally require that claims be pled with great detail. Nonetheless, claims must be pled with sufficient detail such that a defendant has fair notice of the basis of a plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). More specifically:

> It is established that a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. We have recognized that facial plausibility is established once . . . the complaint's factual allegations produce an inference . . . strong enough to nudge the plaintiff's claims across the line from

> conceivable to plausible. In assessing the sufficiency of a complaint, we assume as true all its well-pleaded facts and draw all reasonable inferences in favor of the plaintiff. Thus, to satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged.

Nanni v. Aberdeen Marketplace, Inc., 878 F.3d 447, 452 (4th Cir. 2017) (internal citations and quotations omitted). Necessarily implied in this analysis, of course, is that the legal claims asserted must have a basis in law.

The principal issue here is that Plaintiff simply does not explain how Defendant wronged him, other than Defendant's involvement in a professional licensure process leading to a result which Plaintiff dislikes. By his accompanying narrative (which appears to be correspondence directed at Defendant, and not necessarily a component of a well-pleaded complaint), Plaintiff takes aim at Defendant for having an active (perhaps even principal) role in the proceedings before the State Board. Plaintiff suggests that he thought other individuals involved with or part of the State Board would be more active in the proceedings. However, Plaintiff seems to misunderstand the active part that legal counsel commonly play in proceedings by administrative bodies and other deliberative entities.

Thus, one may speculate that Plaintiff was surprised, and dislikes that he was ignorant of how proceedings before the State Board are conducted. But just because the proceedings were not conducted in the fashion Plaintiff assumed they would be, does not, standing alone, make them defective or improper. Plaintiff suggests that Defendant supplanted the State Board's judgment with that of his own, but his factual allegations in this regard are bald conjecture. Plaintiff takes a conspiratorial view of the State Board abdicating its responsibility, but provides only conclusory speculation, not facts. He points to no statute or regulation governing the State Board's mission and processes, and thus points to no authority for how Defendant aided the State Board in

contravening any duty. Similarly, Plaintiff ties no action or inaction of the State Board or any person associated with it, to any provision at law (statute, regulation, etc.) which governs the State Board's processes. He demonstrates no particular violation.

Only in passing does Plaintiff invoke any sort of legal authority. A handwritten note on the civil cover sheet appears to be a citation to a statute, but it is not legible. Plaintiff provides a dense narrative of three single-spaced, typed pages [ECF No. 1, at 2-4], but the only citation to authority included therein is scant, and pertains to his complaints about how the defense of his underlying criminal prosecution was handled. The undersigned finds that this narrative accompanying the Complaint, in which Plaintiff attempts to propound allegations in support of poorly-articulated legal claims, simply does not provide sufficient factual foundation to maintain an action here. Plaintiff sets forth no cognizable legal causes of action and presents no basis on which he can proceed with a civil action.

In sum, the undersigned cannot discern a clear nexus between (a) the sets of factual allegations made and (b) the intended cause(s) of action which Plaintiff seeks to bring. Nor can the undersigned discern the assertion of permissible claims otherwise. At bottom, even when construing the *pro se* Complaint most liberally, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the undersigned respectfully **FINDS** that the Complaint (and ancillary documents), as currently written, is without foundation in fact and does not set forth cognizable claims at law. As such, the Complaint does not sufficiently state a claim for relief. Twombly, 550 U.S. 544. The Complaint is so insufficient that it does not provide Defendant with fair notice of the nature of the claims Plaintiff would lodge against it or the relief Plaintiff would have this Court order.

Thus, Plaintiff's Complaint here is not cognizable and fails as a matter of law, and the undersigned **RECOMMENDS** that it be dismissed without prejudice.

Relatedly, because of the lack of any factual allegations of acts, omissions, or wrongdoing by the Defendants giving rise to cognizable legal claims, the undersigned specifically **FINDS** that the Complaint fails to state a claim upon which relief may be granted. Thus, after performing an initial screening pursuant to 28 U.S.C. § 1915(e)(2), the undersigned concludes and **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be denied.

## IV. RECOMMENDATION

For the abovementioned reasons, the undersigned **FINDS** that the Complaint [ECF No. 1] fails to state a claim upon which relief may be granted. Accordingly, the undersigned respectfully **RECOMMENDS** Plaintiff's Complaint, filed in *forma pauperis* [ECF No. 1], should be **DISMISSED** in its entirety **WITHOUT PREJUDICE** after review and screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Further, the undersigned **RECOMMNEDS** that Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] be **DENIED**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas S. Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir.

1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to the *pro se* Plaintiff by certified mail, return receipt requested.

**DATED**: September 16, 2022.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE